**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 04-7401

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EUGENE ROBERT RICE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CR-99-513; CA-03-2881)

———————

Submitted:  February 11, 2005          Decided:  March 1, 2005

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Eugene Robert Rice, Appellant Pro Se.  Lynne Ann Battaglia, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eugene Robert Rice, a federal prisoner, seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion to vacate his conviction and sentence, and the court's subsequent denial of his motion to reconsider, pursuant to Fed. R. Civ. P. 60(b). An appeal may not be taken from the final order in a habeas proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004) (applying the COA requirement to appellate review of the denial of a Rule 60(b) motion). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Rice has not made the requisite showing.

Accordingly, we deny a certificate of appealability and dismiss the appeal.[*]

Additionally, we construe Rice's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Rice's claims do not satisfy either of these conditions. Therefore, we decline to grant Rice authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Regarding the order denying Rice's Rule 60(b) motion, we find that the court should have dismissed the motion for lack of jurisdiction as a successive motion. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003). Nonetheless, the order is not appealable because Rice cannot establish entitlement to a certificate of appealability. See Reid, 369 F.3d at 368-69.

- 3 -